UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| |  |
|---|---|
| LEONARD SARGOLINI<br>    *Plaintiff*,<br><br>    v.<br><br>CENTURY FINANCIAL SERVICES, INC.<br>    *Defendant*. | No. 3:18cv1764 (MPS) |

**RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Leonard Sargolini ("Sargolini") filed suit against Century Financial Services, Inc. ("Century Financial"), alleging that Century Financial sent him a validation notice concerning a medical debt that did not comply with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Sargolini seeks statutory damages as well as costs and reasonable attorney's fees. Presently before the Court is Sargolini's motion for summary judgment. ECF No. 23. For the reasons discussed below, this motion is DENIED.

**I.  BACKGROUND**

Sargolini argues that Century Financial sent him a collection letter that was unduly contradictory as to his rights, but he failed to file a Local Rule 56(a) statement to support his motion for summary judgment on this ground. Nonetheless, the Court has reviewed the operative complaint, the operative answer, and supporting exhibits to determine whether there are any undisputed facts. In the operative answer, Century Financial admits only that it sent a validation notice to Sargolini concerning a debt to Northeast Medical Group on or about July 24, 2018. ECF No. 21 at ¶ 5; ECF No. 22 at ¶ 5. The front of this notice included the following text:

> THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.
>
> ANOTHER ACCOUNT PLACED FOR COLLECTION.

> Our records indicate that you already have an account(s) in the amount of $25.78 placed with us for collection by Northeast Medical Group. In some cases we had no choice but to advise Northeast Medical Group that our past efforts have been unsuccessful and that further contact will be necessary in order to recover the balance(s) in full. In other cases we have worked out a mutually agreeable payment plan. This notice is to advise you that you have a right to dispute the new account placed for collection in the amount of $33.81.

ECF No. 21 at 3. The front of the notice also explained that the recipient should "SEE REVERSE SIDE FOR IMPORTANT INFORMATION." *Id.* The back of the notice included the following text:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this new account placed for collection or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgment verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id*. at 4. Because Century Financial admitted no other allegations, and because Sargolini failed to file a Rule 56(a) statement, the Court is unable to determine whether any other facts are undisputed.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (internal quotation marks omitted). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue

of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). "Once the moving party has offered some evidence that no genuine issue of material fact remains to be tried, the burden shifts to the non-moving party to provide similar evidence indicating that a genuine, triable issue remains." *Serby v. Town of Hempstead*, 2006 WL 2853869, at *4 (E.D.N.Y. Sept. 30, 2006). In reviewing the record, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Beyer v. County of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (quoting *Dallas Aerospace, Inc. v. CIS Air Corp.,* 352 F.3d 775, 780 (2d Cir. 2003).

## III. DISCUSSION

### A. Local Rule 56(a)

As an initial matter, Sargolini did not file a Local Rule 56(a) statement. Local Rule 56(a) provides that a "party moving for summary judgment shall file and serve with the motion and supporting memorandum a document entitled 'Local Rule 56(a)1 Statement of Undisputed Material Facts,' which sets forth . . . a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." L.R. 56(a)(1). It further provides that each statement of material fact "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial." L.R. 56(a)(3). "Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions, *including, when the movant fails to comply, an order denying the motion for summary judgment.*" *Id*. (emphasis added). "In this Circuit, a movant's failure to comply with a district

3

court's relevant local rules on a motion for summary judgment permits, but does not require, a court to dispose of that motion." *Tross v. Ritz Carlton Hotel Co., LLC*, 928 F. Supp. 2d 498, 503 (D. Conn. 2013).

"On a motion for summary judgment, the moving party has the burden of showing the absence of a genuine issue of material fact," *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998), and Sargolini's failure to file a Rule 56(a)(1) statement has prevented him from carrying this burden. As shown in greater detail below, although Century Financial admits that it sent the July 24 letter, there remains a genuine dispute of material fact as to Sargolini's rights at the time he received the letter that precludes a finding of summary judgment. Sargolini's motion for summary judgment is therefore DENIED for failure to comply with Local Rule 56(a).

### B. Fair Debt Collection Practices Act

"The Fair Debt Collection Practices Act establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). The FDCPA requires debt collectors to issue a "validation notice," either in their initial communication with a consumer or within five days of that initial communication, that informs the consumer of certain rights including the right to make a written request for verification of the debt and to dispute the validity of the debt. 15 U.S.C. § 1692g.[1] Sargolini argues that Century Financial violated the Act by sending him a validation notice that was unlawfully confusing and contradictory. ECF No. 23-1 at 2-4.

---

[1] Sargolini alleges a violation of both Sections 1692g(a) and 1692e(2)(A) in the operative complaint. ECF No. 21 at ¶¶ 8-9. His motion for summary judgment, however, mentions only Section 1692g(a).

Section 1692g(a) of the FDCPA sets forth the following requirements for the validation notice:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> > (1) the amount of the debt;
> >
> > (2) the name of the creditor to whom the debt is owed;
> >
> > (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> >
> > (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> >
> > (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). "Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *DeSantis*, 269 F.3d at 161. "When determining whether Section 1692g has been violated, courts use an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) (internal quotation marks and citation omitted). Thus, "[a] debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Id*. "But in applying this

standard, we bear in mind the Act's dual purpose: in addition to protecting consumers against deceptive debt collection practices, the objective test we apply protects debt collectors from unreasonable constructions of their communications." *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (internal quotation marks omitted). Accordingly, the FDCPA "protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993).

Sargolini argues that the validation notice is unduly confusing and contradictory because the "statement that Plaintiff has a right to dispute the new account for collection, which is only a portion of the debt, contradicts plaintiff's right to dispute the entire debt." ECF No. 23-1 at 4. However, there is no evidence that Sargolini actually had a right to dispute the entire debt – $59.59 – instead of only the new debt – $33.81. Century Financial states in the notice that "[o]ur records indicate that you already have an account(s) in the amount of $25.78 placed with us for collection," ECF No. 21 at 3, but does not indicate whether or not Sargolini already received a validation notice about that account. Century Financial does not assert or submit any evidence suggesting that it *did* send a notice about the old debts, and Sargolini does not allege or submit any evidence that he *did not* receive such a notice. The notice goes on to read as follows: "In *some* cases we had no choice but to advise Northeast Medical Group that our past efforts have been unsuccessful and that further contact will be necessary in order to recover the balance(s) in full. In *other* cases we have worked out a mutually agreeable payment plan." *Id.* (emphasis added). Again, neither party has submitted any evidence to help the Court determine whether past efforts to collect the old debt were made in *this* case.

Sargolini argues that he had a right to dispute the *entire* debt and Century Financial argues that Sargolini had a right to dispute only the *new* debt, but as noted, neither party submits

6

evidence that would allow the Court to decide which position is correct on the law. *Compare* ECF No. 23-1 at 4 (Sargolini arguing that "First Century's statement that Plaintiff has a right to dispute the new account for collection, which is only a portion of the debt, contradicts <u>plaintiff's right to dispute the entire debt</u>") (emphasis added), *with* ECF No. 26 at 7 (Century Financial arguing that the "issue in this case" is whether the references to "a 'previous account balance' and 'past efforts' to collect that debt overshadow the New Account and the <u>consumer's right to dispute the New Account Balance</u>") (emphasis added). Because a consumer has only thirty days after receipt of a validation notice to dispute the validity of a debt whether Sargolini already received a validation notice about the old debt presents a genuine dispute of material fact that is central to determining whether Sargolini had a right to dispute the entire debt or only the new debt at the time he received the July 24 validation notice. Without first determining what portion of the debt Sargolini had a right to dispute, the Court is unable to assess whether the validation notice was unlawfully confusing or contradictory as to that right.

Sargolini's motion for summary judgment is therefore DENIED and there is no need to address the remaining issues raised by the parties.

## IV. CONCLUSION

For the reasons discussed above, Sargolini's motion for summary judgment is hereby DENIED.

IT IS SO ORDERED.

/s/ MICHAEL P. SHEA
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
August 20, 2019

7