UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------

LEONARD SARGOLINI,

                        Plaintiff,

-v-

CENTURY FINANCIAL SERVICES, INC. d/b/a
CENTURY HEALTHCARE COLLECTION IN
CONNECTICUT,

C.A. No.: 3:18-cv-01764 (MPS)
                        Defendants.

October 4, 2019
-------------------------------------------------------------

## JOINT TRIAL MEMORANUM

1. <u>Trial Counsel</u>:

Jeffrey Olgin 74 Rose Hill Road, Branford, CT 06405
Phone (203) 668-896 Fax (203) 208-2851 Email: olginassociates@gmail.com

Jill E. Alward, Law Offices of Jill E. Alward, 2490 Black Rock Turnpike #309, Fairfield, CT 06825 Phone: (203) 927-1549, Fax: (203) 374-2478, Email: jalwardlaw@outlook.com

2. <u>Jurisdiction:</u> The allegations in this matter concern a federal question. More specifically, whether the Defendant violate the Fair Debt Collection Practices Act codified as 15 USC §1692.

3. <u>Jury/ Non-Jury</u>: Trial by the Court.

4. <u>Length of Trial</u>: 1 day

5. <u>Further Proceedings</u>: N/A

6. <u>Nature of Case</u>: Plaintiff alleges in 1 count, that Defendant violated the Fair Debt

Collection Practices Act.  Defendant denies that it violated the Fair Debt Collection Practices Act and further alleges that counsel failed to conduct a good faith inquiry prior to filing this action. Finally, assuming there was a violation, which the Defendant denies, any violation was unintentional and resulted from a bona fide error.  15 USC 1692k(c).

7. <u>Trial by Magistrate Judge</u>: Counsel do not consent to a trial by a Magistrate Judge.

8. <u>Evidence</u>:

a.   Witnesses:

Plaintiff's intends to call:

1.      Leonard Sargolini Plaintiff 1966 Corene Drive. He will testify to the allegations in the complaint. He is likely to testify for 45 minutes.

2.      Eugene Colucci, President of Century Financial, Inc. 23 Maiden Lane, North Haven, CT 06473.  He is likely to testify. He will testify as to all letters sent to Plaintiff. He will also testify as to the number of times Defendant engaged in debt collection on behalf of a creditor and on behalf of Northeast Medical Group. He is likely to testify for approximately 45 minutes.

3.       Patrick McCabe, Director of Century Financial, Inc. 23 Maiden Lane, North Haven, CT 06473. He is likely to testify. He will testify as to all letters sent to Plaintiff. He will also testify as to the number of times Defendant engaged in debt collection on behalf of a creditor and on behalf of Northeast Medical Group. He will be called only if the need arises 45 minutes.

4.       David Wurcel, Director 3 Maiden Lane, North Haven, CT 06473. He is likely to testify. He will testify as to all letters sent to Plaintiff. He will also testify as to the number of times Defendant engaged in debt collection on behalf of a creditor and on behalf of Northeast Medical Group. He will be called only if the need arises 45 minutes.

Objection: Defendant objects to the listed witnesses and reserves it's right to file a motion in limine.

Defendant intends to call:

1.      Stephanie Dewallace a/k/a Stephanie Carasone, Legal Department Supervisor, Century Financial Services, Inc. ("Century") 23 Maiden Lane, North Haven, CT 06473. Ms. Dewallace will testify regarding Mr. Sargolini's collection account, how the letters are generated and sent out to Century's clients, how many letters were sent to Mr. Sargolini and when letters were sent to Mr. Sargolini.  Mrs. Dewallace will also testify about Century's compliance with the FDCPA and the steps Century takes to ensure compliance.  It is anticipated the Mrs. Dewallace will testify for approximately 3 hours.

2.     Keeper of Records for RevSpring, 1800 East State Street, Suite 210, Hamilton, NJ 08609.  The Keeper of Records will testify as to the letter production and destruction process.  It is anticipated that the testimony will take approximately 1 hour.

b. Plaintiff's Exhibits:

Collection letter from Century Financial Services, Inc. to Plaintiff dated July 24, 2018.

Defendant's Answer

Ledgers from Century Financial indicating how many times they attempted to collect a debt on behalf of a creditor. In 2017 and 2018.

Ledgers from Defendant indicating how many times they attempted to collect a debt on behalf of Northeast Medical Group in 2017 and 2018.

c.  Defendant's Exhibits

Notes from Mr. Sargolini's collection file.

Samples of all letters sent to Mr. Sargolini from March 2018 to July 2018.

Objection: Plaintiff objects to both of Defendants exhibits. 1) Defendant did not provide Plaintiff with copies of the exhibits as per the Joint Trial Memorandum; 2) They are hearsay; and 3) It is unclear what is meant by "samples of all letters."Defendant objects to Plaintiff's exhibits and reserves it's right to file a motion in limine.

Answer to Complaint.
9. <u>Stipulations and Proposed Findings of Fact and Conclusions of Law</u>:

a.  Stipulations:

This Court has jurisdiction of this matter.

b. <u>Bench Trial</u>

Plaintiff's Proposed Findings of Fact and Conclusions of Law.

1.  Defendant is a "Debt Collector" as defined by 15 U.S.C. 1692a(6).

2.  First Century violated the FDCPA 15 U.S.C. sec. 1692g(a) by failing to provide Plaintiff with a validation notice that complied with the FDCPA. 15 U.S.C. sec. 1692g(a).
3.  Plaintiff qualifies as a consumer pursuant to the Fair Debt Collection Practices Act.

4.  First Century violated the FDCPA 15 U.S.C. sec. 1692g(a) by failing to provide Plaintiff with a validation notice that complied with the FDCPA. First Century also violated the FDCPA 15 U.S.C. sec. 1692e(2)(A) by making false statements regarding the "character, amount, or legal status of the debt." As a result, they are liable to Plaintiff for statutory damages not to exceed $1,000 pursuant to 15 U.S.C. sec. 1692k and costs

and reasonable attorneys fees pursuant to 15 U.S.C. sec. 1692K.

Defendant's Proposed Findings of Fact and Conclusions of Law:
1.  Leonard Sargolini ("Plaintiff") sued Century Financial Services, Inc. ("Century" or "Defendant"), alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").
2.  Following a one-day bench trial, the Court now sets forth its findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a)(1). FED. R. CIV. P. 52(a)(1).
3.  The Court finds that the Plaintiff has not proven that the Defendant sent a materially misleading letter to Mr. Sargolini in violation of the FDCPA., and that Plaintiff is not entitled to damages under the FDCPA. 15 U.S.C. § 1692k.

THE PLAINTIFF
Leonard Sargolini


_____S/Jeffrey Olgin_____
JEFFREY OLGIN
HIS ATTORNEY
74 ROSE HILL RD.
BRANFORD, CT 06405
Ph(203) 668-8965
Fax(203) 208-2851
Email: olginassociates@gmail.com

THE DEFENDANT,
Century Financial Services, Inc.


/s/ Jill E. Alward
Jill E. Alward, Esq.
LAW OFFICES OF JILL E. ALWARD, LLC
Fed. Bar No. CT27051
2490 Black Rock Turnpike, #309
Fairfield, CT 06825-2400
Phone: 203-927-1549
Fax: 203-374-2478
jalwardlaw@outlook.com