UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARGOLINI, LEONARD

VS.

CENTURY FINANCIAL SERVICES, INC.        CASE NO. 3:18-cv-01764 (MPS)

NOVEMBER  25, 2019

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

Plaintiff hereby submits the following memorandum in support of plaintiff's motion in limine.  On October 4, 2019 the parties filed a joint trial memorandum (Hereinafter "memorandum") (Doc 38) whereby Defendant claimed the following exhibits:

1) Notes from Mr. Sargolini's collection file.

2) Samples of all letters sent to Mr. Sargolini from March 2018 to July 2018.

Plaintiff objected in the memorandum to these exhibits. They were not disclosed prior to filing the memorandum nor have they ever been provided to the plaintiff. They are also hearsay.

STANDARD OF REVIEW

Motions in limine provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 no.2; Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in liming." Highland Capital Mgmt., L.P. v. Schneider, 551

F.Supp.2d 173, 176 (S.D.N.Y. 2008).

## DEFENDANT FAILED TO COMPLY WITH THE COURT'S ORDERS REGARDING DISCLOSURE OF EXHIBITS PRIOR TO SUBMISSION OF THE JOINT TRIAL

The court's orders related to joint trial memorandums (Doc. 19) provides as follows: "Exhibits not exchanged seven (7) days prior to submission of the Joint Trial Memorandum and exhibits not listed will not be admitted at trial, except for good cause shown…"  Here not only were the proposed exhibits not disclosed prior to submitting the Joint Trial Memorandum but they have never been disclosed. Defendant acknowledged the lack of disclosure in the trial memorandum and yet still have not Provided Plaintiff with copies. They were also not disclosed in discovery. (See Exhibits A and B). Here Plaintiff is at a tremendous disadvantage in even objecting to the admissibility of these exhibits since counsel for plaintiff has never seen them. As a result, they should be excluded from trial.

## DEFENDANT'S EXHIBITS MUST BE EXCLUDED AS HERESAY

The exhibits are hearsay pursuant to Rule 801(c)(2) of the Federal Rules of Evidence and so must be excluded. They are out of court statements made by a declarant to prove the truth of the matter asserted. They do not appear to fall under any of the exceptions.

WHEREFORE plaintiff prays that this court grant this motion in limine and exclude the following evidence: 1) "Notes from Mr. Sargolini's collection file,"  and 2) "Samples of all letters sent to Mr. Sargolini from March 2018 to July 2018.

THE PLAINTIFF
Leonard Sargolini


_____S/Jeffrey Olgin_____
JEFFREY OLGIN
HIS ATTORNEY
74 ROSE HILL RD.
BRANFORD, CT 06405
Ph(203) 668-8965
Fax(203) 208-2851


Certificate of Service

I hereby certify that on November 25, 2019 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    Jill E. Award, Esq.
    Law Offices of Jill E. Award, LLC
    2490 Black Rock TPK, #309
    Fairfield, CT 06825-2400
    jalwardlaw@outlook.com


\_\_S/Jeffrey Olgin_____
JEFFREY OLGIN
HIS ATTORNEY
74 ROSE HILL RD.
BRANFORD, CT 06405
Ph(203) 668-8965
Fax(203) 208-2851