UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARGOLINI, LEONARD

VS.

CENTURY FINANCIAL SERVICES, INC.                CASE NO. 3:18-cv-01764 (MPS)

JANUARY 8, 2020

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

PROPOSED FINDINGS OF FACT

1) On or about July 24, 2018, Plaintiff, Leonard Sargolini received a collection letter claiming that he owed $59.59 for unpaid medical expenses from the Defendant.

2) This was the first and only letter that Plaintiff ever received from Defendant.

3) The collection letter failed to provide a verification notice which complied with the Fair Debt Collection Practices Act ("FDCPA").

4) Defendant also falsely stated the amount owed if there was any amount owed.

5) Defendant has been unable to verify the debt.

6) Defendant charged interest on the alleged debt despite the fact that there was no basis in law, whether contract or statutory to charge interest.

7) The defendant qualifies as a debt collector under the FDCPA and the collection letter was an attempt to collect a debt pursuant to the FDCPA.

CONCLUSIONS OF LAW

1. *First Century is a Debt Collector under the FDCPA.*

First Century is a "Debt Collector" as defined by 15 U.S.C. 1692a(6). They are collecting on behalf of a third party, Northeast Medical Group. The name alone "D/B/A Century Healthcare Collection in Connecticut," further communicates to the public that they are a debt collector who regularly engages in collection activities. The fact that they seek small amounts, anywhere from $5.00 to $33.00 further indicates that they engage in numerous debt collection activities.

2. *The Plaintiff is a consumer under the FDCPA.*

Plaintiff is a consumer because the debt sought to be collected was for personal, family or household purposes. The collection letter clearly indicates that it is an attempt to collect his own personal medical expenses.

3. *First Century 's failed to provide plaintiff with a validation notice that complied with the FDCPA.*

The collection letter sent to Mr. Sargolini on July 24, 2019 violated the FDCPA 15 U.S.C. sec. 1692g(a) since It failed to provide Plaintiff with a validation notice that complied with the FDCPA. 15 U.S.C. sec. 1692g(a) provides as follows:

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following communication is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
　(1)the amount of the debt;
　(2) the name of the creditor to whom the debt is owed;
　(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
　(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a

copy of such verification or judgment will be mailed to the consumer by the debt collector, and
     (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

     Here First Century's statement that Plaintiff has a right to dispute the new account for collection, which is only a portion of the debt, contradicts plaintiff's right to dispute the entire debt. The entire debt is $59.59 and the New Account is only $33.61. To the extent that the second sentence on the reverse side informs the consumer of his right to notify the creditor in writing to obtain verification, it is contradicted by the front and other portions of the letter. In <u>Savino v. Computer Credit, In</u>c., 164 F.3d 81,85 (2d. Cir. 1998) concluded that a "payment notice violates the FDCPA because the language on the front of the notice, when read in conjunction with the statutory debt validation on the reverse side would make the "least sophisticated consumer uncertain as to her rights."

4.    *Providing confusing and contradictory verification notices is part of Defendant's regular practice and procedure.*

    The evidence established at trial proves that these confusing and contradictory validation notices is part of Defendant's regular business practice.

5.    *First Century violated 15 U.S.C. sec. 1692e(2)(A) by making false statements regarding the amount of the debt.*

    As per the amended complaint, Plaintiff also alleges that Defendant made false statements regarding the debt. Defendants exhibits do not verify that any debt is owed by the plaintiff. There are no statements or letters from any insurance company indicating any balance owed. Even if there was a balance owed, Defendant's own

exhibits reveal an attempt to overcharge plaintiff:

a) Defendant's exhibits reveal that on 5/21/2018, they sought interest which is prohibited by law.

b) The "previous balance" in the amount of $25.78 is 78 cents higher then what the two prior letters claim to be the debt.

6. *First Century did not meet their burden of proof with regards to a bona-fide error defense.*

"If the debtor shows by a preponderance of the evidence that the violation was not intentional and resulted from a bon-afide error notwithstanding the maintenance of procedures reasonably adapted to avoid to avoid any such error." 15 U.S.C.1692K(c) See also Puglisi v. Debt Recovery Sole., LLC 822 F.Supp. 2d 218,226 (E.D. N.Y 2011) "This bonafide error defense requires defendant to demonstrate by a preponderance of the evidence both: (1) that the violation was unintentional; and (2) that it resulted from a bonafide error notwithstanding procedures reasonably adapted to avoid any such error."

Here Defendant has failed to establish either element of the bon-afide error defense. The error was intentional and they have failed to establish that there are reasonably procedures in place to avoid such errors.

7. *Pursuant to 15 U.S.C. sec. 1692k(a)(2)(A) Defendant is liable for statutory damages not to exceed $1,000.*

8. *Plaintiff is entitled to reasonable attorneys fees and costs pursuant to 15 U.S.C. sec. 1692K(a)(3).*

THE PLAINTIFF
Leonard Sargolini


_____S/Jeffrey Olgin_____
JEFFREY OLGIN
HIS ATTORNEY
74 ROSE HILL RD.
BRANFORD, CT 06405
Ph(203) 668-8965
Fax(203) 208-2851


Certificate of Service

I hereby certify that on January 8, 2020 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Law Offices of Jill E. Alward
2490 Black Rock Turnpike #309
Fairfield, CT 06825
jalwardlaw@outlook.com

\_\_S/Jeffrey Olgin_____
JEFFREY OLGIN
HIS ATTORNEY
74 ROSE HILL RD.
BRANFORD, CT 06405
Ph(203) 668-8965
Fax(203) 208-2851